UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-cr-336-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| DAUNTEZ D. BELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Dauntez Bell ("Bell") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 63 ["2255 Mot."].) Plaintiff United States of America (the "government") has filed a motion to dismiss Bell's motion to vacate as time-barred (Doc. No. 70 ["MTD"]), and Bell opposes the motion to dismiss.[1] (Doc. No. 71 ["MTD Opp'n"].) For the reasons that follow, the government's motion to dismiss is GRANTED, and this case is DISMISSED.

I. **BACKGROUND**

On August 22, 2017, Bell and a co-defendant were charged by indictment with a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) for conspiracy to possess with intent to distribute cocaine. (Doc. No. 12 ["Indictment"].) A superseding indictment was filed on

---

[1] Bell filed a second *pro se* motion under § 2255, raising additional ineffective assistance of counsel arguments. (Doc. No. 68 ["2255 Mot. II"].) Because the Court had yet to rule on his first motion to vacate when this subsequent motion was filed, the Court construes the second motion as a motion to amend the initial motion filed on July 7, 2020 under Fed. R. Civ. P. 15. *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (A subsequent motion to vacate is not a "second or successive § 2255 when it is filed before the adjudication of the initial § 2255 motion is complete[.]") (citations omitted). However, because the initial motion was untimely, relation back under Rule 15 is not possible and the arguments raised in the second motion to vacate are also time-barred.

January 10, 2018, charging additional counts of conspiracy and possession with intent to distribute heroin, fentanyl, carefentanil, and furanylfentanyl. (Doc. No. 29 ["Sup. Indictment"].) The superseding indictment also charged Bell with multiple counts of using a communication facility to commit a felony in violation of 21 U.S.C. § 843(b). (*Id*.) On March 16, 2018, pursuant to a Rule 11(c)(1)(C) plea agreement, Bell entered a plea of guilty to Count One (Conspiracy to Possess with Intent to Distribute Five or More Kilograms of Cocaine) of the superseding indictment. (3/16/2018 Minutes of Proceedings; Doc. No. 42 ["Plea Agreement"]; Doc. No. 69 (Change of Plea Transcript ["TR"]).) At the sentencing hearing on June 20, 2019, in accordance with the Plea Agreement, the government dismissed Counts Two through Ten of the superseding indictment, as well as the 21 U.S.C. § 851 enhancement, and the Court sentenced Bell to the stipulated term of 216 months. (Plea Agreement ¶¶ 4, 11, 16; Doc. No. 57 (Judgment).)

Bell did not take a direct appeal. Instead, on July 7, 2020, more than two years after the Court entered final judgment, Bell filed the present § 2255 motion. In his motion, Bell maintains that his trial counsel was ineffective for failing to file a direct appeal, that his guilty plea was not knowing and voluntary, that the government failed to establish the elements of the crime of conspiracy to posses with intent to distribute cocaine under 21 U.S.C. § 841, and that he was improperly classified as a career offender. (2255 Mot. at 604–08[2].) The government opposes the motion on the ground that it is time-barred.

---

[2] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

## II. EVIDENTIARY HEARING

Bell filed a motion for an evidentiary hearing. (Doc. No. 72.) A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

The Court finds that an evidentiary hearing is not warranted in the present case and, thus, Bell's motion for such a hearing is DENIED. The undisputed facts in the record demonstrate that Bell's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute.

### III. BELL'S § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on June 20, 2018. Because Bell did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Accounting for the Fourth of July holiday, Bell was required to file his § 2255 motion by July 5, 2019. Instead, he filed the instant motion on July 7, 2020, more than 12 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Bell does not identify an impediment created by the government, new facts supporting a claim that were subsequently discovered through the exercise of due diligence, or a right recently recognized by the United States Supreme Court to justify the delay in filing the present § 2255

4

motion.³ *See* § 2255(f)(2)–(4). Instead, Bell maintains, without any elaboration or explanation, that his motion is timely because of his "actual innocence of [the] allegation(s)." (Mot. at 611.)

The statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar and it is subject to equitable tolling under extraordinary circumstances. *Reed v. United States,* 13 F. App'x 311, 312 (6th Cir. 2001). To warrant tolling under traditional equitable principles, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir. 2001). Typically, traditional equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560–61 (6th Cir. 2000). The motion, as amended, contains no allegation that some extraordinary circumstance stood in Bell's way and prevented him from timely filing his § 2255 motion, nor is there any evidence that Bell diligently pursued his rights. Indeed, the motion presents no basis for equitable tolling under traditional tolling principles. Since Bell has

---

³ In the amendment to his motion, Bell raises an argument under *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019). (*See* 2255 Mot. II at 631.) However, the Sixth Circuit's decision in *Havis*, relating to the federal sentencing guidelines' definition of "controlled substance offense[,]" does not involve a right initially recognized by the Supreme Court, as required under § 2255(f)(3), and in any event, the decision in *Havis* was announced on June 6, 2019, more than one year before Bell filed his § 2255 motion. Further, the Sixth Circuit has specifically held that a misclassification of career offender status under the federal sentencing guidelines "is not a cognizable claim on collateral review." *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019).

failed to offer any explanation for the delay, the Court finds he has failed to demonstrate that traditional equitable tolling is appropriate in his case.

Tolling is also available under the actual innocence equitable tolling doctrine. Under this doctrine, the statute of limitations in 28 U.S.C. § 2255(f) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes,* 304 F. App'x 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 F. App'x 450, 458–59 (6th Cir. 2008); *Souter v. Jones,* 395 F.3d 577, 589–90 (6th Cir. 2005). In determining whether equitable tolling of the statute of limitations is warranted based on Bell's claim of actual innocence, the key question to be resolved is whether Bell is actually innocent of the federal drug conspiracy crime for which he now stands convicted.

There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *Schlup v. Delo,* 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *Connolly,* 304 F. App'x at 417; *Souter,* 395 F.3d at 590. To make out a credible claim of actual innocence, Bell is required to support his claim of federal constitutional error with new reliable evidence—exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was unknown or unavailable at the time of his conviction and sentencing. *Schlup,* 513 U.S. at 324; *House v. Bell,* 547 U.S. 518, 537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (To demonstrate actual innocence as a gateway to permit a court to reach a defaulted claim, a § 2255 movant is required to present *new evidence* of his innocence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.") (emphasis added, quotation

marks and citation omitted); *Connolly,* 304 F. App'x at 417; *Souter,* 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup,* 513 U.S. at 316; *Connolly,* 304 F. App'x at 417; *Nelloms v. Jackson,* 129 F. App'x 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup,* 513 U.S. at 321; *Souter,* 395 F.3d at 590.

Bell does not suggest that he is not guilty of conspiring to possess with intent to distribute cocaine as charged in the superseding indictment and to which he stipulated in the Plea Agreement, and he does not point to any new evidence that would support his bare allegation of "actual innocence of [the] allegation(s)."[4] (2255 Mot. at 611.) Instead, Bell's motion, as amended, rests exclusively on undeveloped arguments relating to the legal sufficiency of his conviction and the quality of the representation he received from counsel. As previously noted, actual innocence means factual innocence, and without new and reliable evidence sufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him, Bell's innocence claim fails to rescue his untimely § 2255 motion.[5] *See also Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (Where a habeas petitioner asserts claims based on alleged

---

[4] In his amendment, Bell elaborates on the law relating to the actual innocence tolling doctrine, but he makes no effort to demonstrate therein that he is entitled to tolling under this doctrine. (*See* 2255 Mot. II at 631.)

[5] In opposition to the motion to dismiss, Bell argues for the first time that he "is actual[ly] innocen[t] because a conspiracy conviction requires a showing that the alleged individuals joined together to further an agreed-to criminal purpose; here distribution of [cocaine]. There is no evidence of group knowledge or agreement about plans for disposal of the [cocaine] at issue." (MTD Opp'n at 704–05, internal citations omitted.) Bell's claim that the government's evidence was legally insufficient to convict him does not equate to actual innocence. *See Bousley*, 523 U.S. at 623–24 ("'actual innocence' means factual innocence, not mere legal insufficiency").

errors of law, the actual innocence equitable tolling doctrine does not apply); *Harvey v. Jones*, 179 F. App'x 294, 298–99 (6th Cir. 2007) (similar).

## IV. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (Doc. No. 70) is GRANTED, and this case is DISMISSED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 2, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**